SATTERLY v. DEWICK et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. HUSBAND AND WIFE (§ 47*)—CONVEYANCES—VALIDITY.

An agreement whereby plaintiff places title to land in one wife to avoid the claims of another is not enforceable in equity.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 47.*]

2. DEEDS (§ 54*)—DELIVERY—ESSENTIALITY.

Mere preparation or execution of a deed does not affect the grantors' title; delivery being essential to a passing of title.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 116; Dec. Dig. § 54.*]

3. VENDOR AND PURCHASER (§ 13*)—AGREEMENT TO CONVEY—CONSIDERATION.

Declination by plaintiff of a conveyance to him of land in which he had no interest was insufficient to support the owner's promise to convey to a third person.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 13.*]

4. WILLS (§ 79*)—CHANGE—POWER OF TESTATOR.

A will can be changed at any time.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 199; Dec. Dig. § 79.*]

5. WORK AND LABOR (§ 7*)—SERVICES TO STEPMOTHER—GRATUITY PRESUMED.

Services to an aged stepmother are presumptively gratuitous.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 11½–22; Dec. Dig. § 7.*]

6. GIFTS (§ 49*)—AGREEMENT TO CONVEY—ESTABLISHMENT—DEGREE OF PROOF REQUIRED.

To establish an agreement to give land in consideration of the donee paying the taxes and insurance, the proof must be clear and convincing.

[Ed. Note.—For other cases, see Gifts, Dec. Dig. § 49.*]

Appeal from Special Term.

Action by Charles A. Satterly against Edward E. Dewick and others. From the judgment, plaintiff appeals. Affirmed.

The following is the opinion of Jaycox, J., in the court below:

The evidence does not satisfy me that the title to this property was taken in the name of Sarah A. Satterly under any agreement or arrangement by which Charles A. Satterly could have compelled a conveyance to himself, There is no proof of any arrangement of that character. The proof, if it shows anything in that respect, shows that he placed the title in the name of Sarah A. Satterly to avoid the claims of another wife of. said Charles A. Satterly, who was then living. Under this agreement, if such it may be termed, Charles A. Satterly had no rights which equity would have enforced. It is true the testimony indicates that Sarah A. Satterly at one time executed, or had prepared, a conveyance to Charles A. Satterly and a will to the same effect, but there is no claim or proof that the deed was delivered or that the title in any way passed by it to the grantee. The preparation, or even the execution of the deed, had no effect upon the title, unless delivered, if the grantee had no enforceable interest prior thereto in the premises. And, if Charles A. Satterly had no enforceable interest, any promise made by Sarah A. Satterly at that time or any other time was without consideration, and cannot be enforced, even though by such promise Charles A. Satterly was induced to decline the conveyance. The declination of such conveyance furnishes no consideration for the promise to convey to some one else.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This action, as I view it, falls within the reasoning of McCartney v. Titsworth, 119 App. Div. 547, 104 N. Y. Supp. 45, and Fagan v. McDonnell, 115 App. Div. 89, 100 N. Y. Supp. 641. The will, of course, could be changed at any time, and only indicates the intention which she then had. The cases cited by plaintiff all uphold a parol agreement upon the ground that not to do so would allow a fraud to be perpetrated. I do not think it is true here. Certainly it is not if Charles A. Satterly had no enforceable interest in the premises. The presumption would be that these services rendered to this aged lady, even though only plaintiff's stepmother, were gratuitous. Every conversation between parents and children under the circumstances here shown should not be construed as a contract. The testimony here is not of that clear and convincing character necessary to establish an agreement between Sarah A. Satterly and the plaintiff by which she was to give him the premises in consideration of his payment of taxes and insurance. Roberge v. Bonner, 185 N. Y. 265, 77 N. E. 1023; Rosseau v. Rouss, 180 N. Y. 116, 72 N. E. 916.

The defendants are entitled to a decree dismissing the complaint on the merits, with costs.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Thomas J. Ritch, Jr., for appellant.
Rowland Miles, for respondents.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Jaycox at Special Term.

---

ALLTER v. VILLAGE OF ST. JOHNSVILLE.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. MUNICIPAL CORPORATIONS (§ 972*)—PUBLIC IMPROVEMENTS—ASSESSMENTS.

Village Law (Laws 1897, p. 403, c. 414) § 106, requires the assessment roll to be prepared and completed by the assessors, and section 108, that it be filed by them with the village clerk. Section 110 provides that the board of trustees shall thereafter prepare the annual tax levy. Section 168 provides, as one of the remedies for the enforcement of a local improvement assessment, the inclusion of the amount thereof in the next annual tax levy. Held, that a village assessment roll including a local improvement assessment was unauthorized, as the assessment roll and tax levy are entirely distinct, and such an assessment has no place in the assessment roll, which is solely the work of the assessors, but in the tax levy, which is solely the work of the trustees.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 972.*]

2. MUNICIPAL CORPORATIONS (§ 480*)—PUBLIC IMPROVEMENTS—ASSESSMENTS.

A local improvement assessment describing the owner of the property as "Allter, Wesley & Co.," is no assessment whatever against the owner, who is a member of such firm or company.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1130; Dec. Dig. § 480.*]

3. MUNICIPAL CORPORATIONS (§ 972*) — PUBLIC IMPROVEMENTS—ASSESSMENTS—DESCRIPTION—SUFFICIENCY.

Village Law (Laws 1897, p. 400, c. 414) § 104, requires the assessors to prepare an assessment roll of the persons and property taxable within the village in the same manner as is required for the preparation of the town assessment roll. Tax Law (Laws 1896, p. 803, c. 908) § 21, as amended by Laws 1899, p. 1594, c. 712, § 3, directs that a town assess-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes